UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80537-CIV-MARRA

GLORIA CALDAROLA,

    Plaintiff,

vs.

REG8 WELLINGTON, LLC,
a Delaware Limited Liability Company,

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Dismiss or for a More Definite Statement (DE 6). Plaintiff responded. (DE 7). Defendant replied. (DE 8). The Court has considered the briefs of the parties and is otherwise advised in the premises.

**I. Background**

This matter arises out alleged violations of the Americans with Disability Act, 42 U.S.C. § 12181, *et seq.* Through her Complaint (DE 1), Plaintiff asserts that she "suffers from the effects of multiple sclerosis" and "uses a wheelchair for her mobility." Complaint ¶ 2. Plaintiff furthers asserts that she "visited Defendant's premises and was personally limited by the barriers present" and that she "will visit the premises in the near future to avail herself of the goods and services offered to the public at the property but fears continued discrimination as a result of the ADA violations therein." *Id.*; *see also* Complaint ¶ 12. The Complaint identifies 20 specific violations of the ADA, Complaint at ¶ 14, and seeks to: 1) permanently enjoin Defendant from further discriminatory practices; 2) order Defendant to alter the subject premises as appropriate to comply

with the ADA; 3) close the subject premises until the requisite modifications are completed; and 4) award Plaintiff her attorney's fees, costs, and expenses incurred in this action. Complaint at 8.

Defendant moves to dismiss the Complaint on the ground that Plaintiff fails to plead facts sufficient to state a claim or demonstrate standing. Specifically, Defendant argues that Plaintiff fails to: 1) allege sufficiently the effects of multiple sclerosis, how the multiple sclerosis limits her life activities, what activities are limited, why she uses a wheelchair, or whether she must use a wheelchair at all times; 2) allege the specific location and the specific nature of the violations; and 3) plead adequately the likelihood of future discrimination. In the alternative, Defendant moves for a more definite statement. For the reasons that follow, Defendant's motion to dismiss or for a more definite statement is denied.

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

A court may grant a motion for a more definite statement where a pleading is "so vague or ambiguous that a party cannot be reasonably required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "Motions for more definite statement are disfavored in light of the liberal pleading requirements of the Federal Rules of Civil Procedure and are not to be used as a substitution for discovery." *Graham v. Citi Trends, Inc.*, 07-80005 CIV, 2007 WL 2412841, at *2 (S.D. Fla. Aug. 21, 2007) (citing *Bazal v. Belford Trucking Co.*, 442 F. Supp. 1089, 1101 (S.D. Fla. 1977)). The issue before the Court is wether Plaintiff's Complaint is sufficiently specific so as to place Defendant on notice of the claims against it.

### III. Discussion

"A plaintiff must demonstrate three things to establish standing under Article III. First, he must show that he has suffered an 'injury-in-fact.' *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Second, the plaintiff must demonstrate a causal connection between the asserted injury-in-fact and the challenged action of the defendant. *Id.* at 560. Third, the plaintiff must show that 'the injury will be redressed by a favorable decision.' *Id.* at 561." *Ramnarine v. Coral Cove Plaza, LLC*, No. 11-80937-CIV, 2012 WL 4857587, at *1 (S.D. Fla. Feb. 10, 2012) *(*quoting *Shotz v. Cates*, 256 F.3d 1077 (11th Cir. 2001)). "A plaintiff alleging Title III ADA discrimination must initially prove that (1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA." *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011) (citing 42 U.S.C.

§ 12182(a)).

As a threshold matter, the Court rejects Defendant's argument that Plaintiff has failed to allege sufficiently a disability as defined under the ADA. Taking the allegations of her Complaint as true, the Court finds that Plaintiff's assertion that she suffers from the effects of multiple sclerosis and uses a wheelchair for mobility sufficiently states a disability under the ADA. *See Lugo v. 141 NW 20th Street Holdings, LLC*, 878 F. Supp. 2d 1291, 1294 (S.D. Fla. 2012) (citing 29 C.F.R. § 1630.2(g)(1)(i) and 42 U.S.C. § 12102(2)(A)). Plaintiff need not delve into a detailed explanation of the effects of her disability or how her disability specifically limits her life activities at the pleading stage.[1]

With regard to Defendant's assertion that the Complaint does not plead the location or the specific nature of the violations, the Court finds that the Complaint gives Defendant "fair notice of what the [P]laintiff's claim is and the ground upon which it rests." *Ramnarine*, 2012 WL 4857587, at *2 (quoting Fed. R. Civ. P. 8(a)). Paragraph 14 of the Complaint alleges 20 specific violations of the ADA, "clearly laying out Plaintiff's case for Defendant[]." *Id.*[2] "To the extent Defendant seeks more specific allegations of ADA violations, discovery will provide the specificity." *Lugo*, 878 F. Supp. 2d at 1294–95.

Finally, the Court rejects Defendant's argument that Plaintiff fails to plead adequately the

---

[1] As in *Lugo*, the Court is not persuaded by Defendant's reliance on *Duldulao v. La Creperia Café, Inc.*, No. 8:11-cv-1413-T-23TBM, 2011 WL 6840585, at *3 (M.D. Fla. Dec. 29, 2011). Unlike in *Duldulao*, Plaintiff here has alleged more than merely that she used a wheelchair; Plaintiff has alleged that she suffers from the effects of multiple sclerosis and that she uses a wheelchair for her mobility. *See Lugo*, 878 F. Supp. 2d at 1294 n.2.

[2] Defendant's motion to dismiss suggests that Plaintiff's Complaint is ambiguous to the extent that it does not specify which retail store in Defendant's over 107,000 square-foot shopping center is responsible for the alleged violations. "The fact that the Complaint may not identify the exact business Plaintiff may have been attempting to access on the date in question does not warrant dismissal." *Id.* Moreover, to the extent Defendant alternatively (and more generally) argues for a more definite statement, Defendant's arguments are rejected for the same reasons the Court denies Defendant's motion to dismiss. Plaintiff's Complaint gives Defendant fair notice of what Plaintiff's claim is and the ground upon which it rests. *See* Fed. R. Civ. P. 8(a).

likelihood of future discrimination. To be sure, "[w]ith respect to ADA cases, 'courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant.'" *Id.* at 1295 (quoting *Shotz*, 256 F.3d at 1081). Here, Plaintiff's allegation that she "will visit the premises in the near future to avail herself of the goods and services offered to the public at the property" gives rise to more than an inference that she will suffer future discrimination by Defendant. Taken as true, Plaintiff's allegation is conclusive on the point. *See id.* at 1296 (finding allegation that "Plaintiff intends to return to the property soon to avail himself of the goods and services offered to the public at the property" sufficiently alleged future harm).

## IV. Conclusion

Plaintiff has properly alleged an injury in fact given that, "as a disabled individual, [she] was discriminated against by Defendant when [she] attempted to enjoy Defendant's property, and [she] faced numerous barriers to accessibility." *Id.* at 1295; Complaint ¶¶ 2, 8, 10–12, 14, 17–19. She has alleged a causal connection between this injury and Defendant's actions by explaining that Defendant's barriers "restricted and will continue to restrict [her] ability to the full and equal enjoyment of the property." *Lugo*, 878 F. Supp. 2d at 1295; Complaint ¶¶ 2, 8, 10–12, 14, 17–18. And finally, she has alleged that her injury is likely redressable by a favorable court decision. Complaint ¶ 22. In short, Plaintiff has properly alleged Article III standing and has properly pleaded a Title III ADA discrimination claim. For the aforementioned reasons, it is hereby **ORDERED AND**

**ADJUDGED** that  Defendant's Motion to Dismiss or for a More Definite Statement (DE 6) is **DENIED**.[3]

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of February, 2012.

_____
KENNETH A. MARRA
United States District Judge

---

[3] The Court does not consider Plaintiff's request for an "Order requiring Defendant to allow Plaintiff access to the subject property to conduct a Rule 34 Inspection" (DE 7 at 16) to be a formal discovery request.